IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

KAREN Y. RICE, )
)
        **Plaintiff,** )
)
v. )   Case No.  CIV-13-02-SPS
)
CAROLYN W. COLVIN, )
**Acting Commissioner of the Social** )
**Security Administration,**[1] )
)
        **Defendant.** )

**OPINION AND ORDER**

The claimant Karen Y. Rice requests judicial review pursuant to 42 U.S.C. § 405(g) of the denial of benefits under the Social Security Act by the Commissioner of the Social Security Administration. She appeals the Commissioner's decision and asserts the Administrative Law Judge ("ALJ") erred in determining she was not disabled. For the reasons set forth below, the Commissioner's decision is REVERSED and REMANDED.

**Social Security Law and Standard of Review**

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment[.]" 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if h[er] physical or mental impairment or impairments are of such severity that [s]he is not only unable to do h[er] previous work but cannot, considering

---

[1] On February 14, 2013, Carolyn Colvin became the Acting Commissioner of Social Security. In accordance with Fed. R. Civ. P. 25(d), Ms. Colvin is substituted for Michael J. Astrue as the Defendant in this action.

h[er] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy[.]" *Id*. § 423 (d)(2)(A). Social security regulations implement a five-step sequential process to evaluate a disability claim. *See* 20 C.F.R. §§ 404.1520, 416.920.[2]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal standards were applied. *Hawkins v. Chater*, 113 F.3d 1162, 1164 (10th Cir. 1997) [citation omitted]. The term substantial evidence has been interpreted by the United States Supreme Court to require "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971), *quoting Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938). The Court may not reweigh the evidence nor substitute

---

[2] Step one requires the claimant to establish that she is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires the claimant to establish that she has a medically severe impairment (or combination of impairments) that significantly limits her ability to do basic work activities. *Id*. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity, or if her impairment is not medically severe, disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. pt. 404, subpt. P, app. 1. If the claimant suffers from a listed impairment (or impairments "medically equivalent" to one), she is determined to be disabled without further inquiry. Otherwise, the evaluation proceeds to step four, where the claimant must establish that she lacks the residual functional capacity (RFC) to return to his past relevant work. The burden then shifts to the Commissioner to establish at step five that there is work existing in significant numbers in the national economy that the claimant can perform, taking into account her age, education, work experience and RFC. Disability benefits are denied if the Commissioner shows that the claimant's impairment does not preclude alternative work. *See generally Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988).

its discretion for that of the agency. *Casias v. Secretary of Health & Human Services*, 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the Court must review the record as a whole, and "[t]he substantiality of evidence must take into account whatever in the record fairly detracts from its weight." *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951); *see also Casias*, 933 F.2d at 800-01.

## Claimant's Background

The claimant was born on September 12, 1965, and was forty-five years old at the time of the administrative hearing (Tr. 135). She has a high school education and past relevant work as a certified nurse's aide, production assembler, survey machine operator, fast food worker, and stocker (Tr. 68). The claimant alleges she has been unable to work since January 1, 1999 due to a tumor in her neck, osteoporosis, bone deterioration, and depression (Tr. 172).

## Procedural History

The claimant applied for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401-434, on November 17, 2009, and supplemental security insurance payments under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-85, on November 19, 2009 (Tr. 25). The Commissioner denied her applications. Following an administrative hearing, ALJ Deborah L. Rose found that the claimant was not disabled in a written opinion dated September 22, 2011 (Tr. 25-32). The Appeals Council denied review, so the ALJ's written opinion is the Commissioner's final decision for purposes of this appeal. *See* 20 C.F.R. §§ 404.981, 416.1481.

**Decision of the Administrative Law Judge**

The ALJ made her decision at step five of the sequential evaluation. She found that the claimant had the ability to perform light work, *i. e.*, she could lift/carry twenty pounds occasionally and ten pounds frequently, and sit/stand/walk for six hours in an eight-hour workday with normal breaks, but could only handle, reach or finger frequently (Tr. 28). The ALJ concluded that although the claimant was unable to perform her past relevant work, she was nevertheless not disabled because there was other work in the national economy that she could perform, *i. e.*, bakery worker and cashier (Tr. 32).

**Review**

The claimant contends that the ALJ erred: (i) by finding that she had no medically determinable mental impairment and failing to perform a PRT analysis; (ii) by failing to properly evaluate, consider and weigh the medical evidence; (iii) by failing to present a proper hypothetical to the vocational expert (VE) at the administrative hearing; and, (iv) by failing to provide a proper analysis of her credibility. The Court finds the claimant's first proposition is dispositive, *i. e.*, the ALJ failed to properly analyze the claimant's depression in accordance with 20 C.F.R. §§ 404.1520a; 416.920a, and the decision of the Commissioner must therefore be reversed and the case remanded for further proceedings.

The claimant's treatment records reveal that she complained of depression as early as December 29, 1997 (Tr. 216). In April 2009, the claimant again received treatment for depression from her primary care physician, Dr. Thomas Ashcraft, D.O. (Tr. 400). She was prescribed Cymbalta at that time, and continued being treated for depression through

at least August 2011 (Tr. 400-12, 418, 420, 421-23, 427).  Dr. Ashcraft completed a Physical Residual Functional Capacity Questionnaire on August 22, 2011, in which he noted that depression and anxiety were among the claimant's diagnoses (Tr. 427).  Dr. Ashcraft also opined that the claimant's pain and other symptoms would affect her attention and concentration occasionally, and noted that the claimant would be "unable to handle increased amount of stress [the] workplace environment can have" (Tr. 429).

State agency physician Dr. Carolyn Goodrich, Ph.D. reviewed medical records and prepared a Psychiatric Review Technique (PRT) in which she wrote that the claimant was primarily limited by physical conditions (Tr. 358).  State agency physician Dr. Dorothy Millican-Wynn, Ph.D. also reviewed the claimant's records and echoed the findings of Dr. Goodrich (Tr. 382).  The ALJ evidently agreed with these conclusions but did not perform any independent analysis of the claimant's mental impairments.

"When there is evidence of a mental impairment that allegedly prevents a claimant from working, the Secretary must follow the procedure for evaluating mental impairments set forth in 20 C.F.R. § 404.1520a [and  § 416.920a] and the Listing of Impairments and document the procedure accordingly." *Cruse v. United States Department of Health & Human Services*, 49 F.3d 614, 617 (10th Cir. 1995), *citing Andrade v. Secretary of Health & Human Services*, 985 F.2d 1045, 1048 (10th Cir. 1993).  In conducting a "PRT analysis" pursuant to these regulations, the ALJ must first evaluate whether the claimant has a "medically determinable mental impairment,"  20 C.F.R. §§ 404.1520a(b)(1), 416.920a(b)(1), and then determine the degree of function

that the claimant has lost as a result of the impairment by assessing the claimant's level of functioning in four specific areas.  *Cruse*, 49 F. 3d at 617.  The four broad areas of function are: (i) activities of daily living; (ii) social functioning; (iii) concentration, persistence, or pace; and, (iv) episodes of decompensation.  20 C.F.R. §§ 404.1520a(c)(3), 416.920a(c)(3).  The ALJ must assess the degree of functional loss in each area on a five-point scale.  The first three areas utilize descriptive terms of none, mild, moderate, marked, and extreme.  The fourth area utilizes numerical terms of none, one to two, three, and four or more.  20 C.F.R. §§ 404.1520a(c)(4), 416.920a(c)(4).  The ALJ does not have to personally complete a PRT form, but she must document her findings in the decision. 20 C.F.R. §§ 404.1520a(e), 416.920a(e).

In finding that the claimant suffered from no severe mental impairments, the ALJ failed to document his findings related to the four areas of functioning with respect to her alleged impairment of depression.  Further, the ALJ found "no medical documentation" of the claimant's depression, but this finding is erroneous.  For example, the claimant's primary care physician Dr. Ashcraft noted on several occasions that she suffered from depression and was treated with medication (Tr. 400-12, 418, 420, 421-23, 427, 429). *See Briggs v. Massanari*, 248 F.3d 1235, 1239 (10th Cir. 2001) ("Although the ALJ need not discuss all of the evidence in the record, he may not ignore evidence that does not support his decision, especially when that evidence is significantly probative.").  The ALJ apparently discounted this evidence by noting that she had failed to receive "formal mental health treatment," which was likewise erroneous.  *See, e. g., Fleetwood v.*

*Barnhart*, 211 Fed. Appx. 736, 739 (10th Cir. 2007) ("[W]e have found no case authority requiring [a claimant] to obtain medical treatment from [a specialist in the mental health profession] before an ALJ can find that she has a severe mental impairment."). The ALJ also discredited the claimant's complaints of depression by noting that she was no longer taking Cymbalta because she was unable to afford it. *See, e.g., Miranda v. Barnhart*, 205 Fed. Appx. 638, 642 (10th Cir. 2005) ("'[T]he adjudicator must not draw any inferences about an individual's symptoms and their functional effects from a failure to seek or pursue regular medical treatment without first considering any explanations that the individual may provide.'"), *quoting* Soc. Sec. Rul. 96-7p, 1996 WL 374186, at *7; *Thomas v. Barnhart*, 147 Fed. Appx. 755, 760 (10th Cir. 2005) ("'[T]he medicine or treatment an indigent person cannot afford is no more a cure for his condition than if it had never been discovered . . . To a poor person, a medicine that he cannot afford to buy does not exist.'"), *quoting Lovelace v. Bowen*, 813 F.2d 55, 59 (5th Cir. 1987).

Because the ALJ failed to adhere to applicable legal standards in determining that the claimant did not have a medically determinable mental impairment at step two, the decision of the Commissioner must be reversed and the case remanded to the ALJ for further analysis. On remand, the ALJ should reconsider the claimant's depression in accordance with the appropriate standards and determine what impact, if any, such reconsideration has on the claimant's ability to work.

## Conclusion

The Court finds that correct legal standards were not applied by the ALJ, and that the decision of the Commissioner is therefore not supported by substantial evidence. The decision of the Commissioner is accordingly REVERSED and the case REMANDED for further proceedings consistent herewith.

**DATED** this 12th day of March, 2014.

_____
Steven P. Shreder
United States Magistrate Judge
Eastern District of Oklahoma